■ WILLIAM KRAIS, Appellant, v. CRYDER HOLDING CORPORATION, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County, dated October 14, 1960, which, upon reargument, denied his motion to vacate his default in serving a complaint and for leave to serve a complaint. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

■ WILLIAM KRAIS, Appellant, v. JACK CHUTICK, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County, dated October 14, 1960, which, upon reargument, denied his motion to vacate his default in serving a complaint and for leave to serve a complaint. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

■ S. S. KRESGE COMPANY, Appellant, v. ADAM BAYER, INC., et al., Respondents.— In an action for a judgment declaring the rights of the parties under certain leases and for an injunction, the plaintiff appeals from an order of the Supreme Court, Queens County, dated May 31, 1960, which granted defendants' motion to modify plaintiff's notice to examine them before trial. Order affirmed, with $10 costs and disbursements. No opinion. The examination shall proceed on 20 days' written notice or on any date mutually fixed by the parties. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ AGNES McGAHAN, Respondent, v. BROOKLYN SAVINGS BANK et al., Defendants, and JAMES F. TWOHY, Individually and as Executor of JAMES J. DELANEY, Deceased, Appellant.— In an action to enforce a number of alleged irrevocable trusts, defendant Twohy, individually and as executor under the will of James J. Delaney, deceased, appeals from an order of the Supreme Court, Nassau County, dated March 13, 1961, denying his motion, pursuant to section 274 of the Civil Practice Act, to compel plaintiff to reply to the defense of the Statute of Frauds alleged in his answer, and granting plaintiff's cross motion to strike out said defense. Order affirmed, with $10 costs and disbursements. None of the causes of action alleged in plaintiff's complaint is based on a contract to establish a trust. The action is to recover money which plaintiff alleges was held by said decedent, for her benefit, by virtue of irrevocable trusts which he had created during his lifetime. If plaintiff fails to establish the causes of action pleaded, her complaint will be dismissed, regardless of whether or not the Statute of Frauds is pleaded as a defense. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ JAMES McGAHAN, Respondent, v. WILLIAMSBURGH SAVINGS BANK et al., Defendants, and JAMES F. TWOHY, Individually and as Executor of JAMES J. DELANEY, Deceased, Appellant.— In an action to enforce an alleged irrevocable trust, defendant Twohy appeals from an order of the Supreme Court, Nassau County, dated March 13, 1961, denying his motion, pursuant to section 274 of the Civil Practice Act, to compel plaintiff to reply to the defense of the Statute of Frauds alleged in said defendant's answer. Order affirmed, with $10 costs and disbursements (see McGahan v. Brooklyn Sav Bank, 13 A D 2d 838). Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ concur.

■ BERNARD MINKOFF, Respondent, v. SIGMUND BRENNER et al., Appellants.— In a negligence action to recover for injuries to person and property, the defendants appeal by permission of this court from an order of the Appellate Term, Second Department, dated December 2, 1960, affirming an order of the City Court of the City of New York, Queens County, dated July 5, 1960, which